UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                            Plaintiff,<br><br>        vs.<br><br>KAY X. YANG, and<br>XAPPHIRE LLC,<br><br>                            Defendants,<br><br>and<br><br>CHAO YANG,<br><br>                            Relief Defendant. | Case No. 2:22-cv-0450<br><br>Hon. J.P. Stadtmueller |

## PLAINTIFF'S MEMORANDUM
## IN SUPPORT OF MOTION TO STRIKE

Plaintiff U.S. Securities and Exchange Commission ("SEC"), in support of its Motion to Strike the Notices filed on June 27, 2022 by Defendant Kay X. Yang and Relief Defendant Chao Yang (Docket Nos. 14, 15), states as follows:

### Preliminary Statement

The SEC filed this case on April 13, 2022, alleging that Defendants Kay X. Yang and Xapphire LLC violated the securities laws by raising at least $16.5 million from approximately 70 investors through two fraudulent offerings. (*See* Docket No. 1) The SEC also alleged that Relief Defendant Chao Yang received improper transfers of investor money from the

Defendants. (*Id.*) The SEC filed an Amended Complaint on April 27, 2022, which contained the same factual allegations as the initial Complaint. (Docket No. 4)

On May 7, 2022, the SEC also served a Summons and copy of the Amended Complaint on Defendant Kay X. Yang and Relief Defendant Chao Yang. (Docket Nos. 9, 10) To date, no one has filed an appearance on behalf of Kay Yang or Chao Yang. Neither Kay Yang nor Chao Yang has filed an answer or responsive pleading. Accordingly, the SEC requested, and the Clerk of Court entered, defaults against both. (*See* Docket No. 13)

On June 27, 2022, Kay Yang and Chao Yang (the "Yangs") each filed a similar "Notice." (Docket Nos. 14, 15) Each Notice requests "Immediate Processing" by the "head court clerk," and that the Court "release from escrow the property and liens listed in this case" and "direct the custodian of the aforementioned escrow account to deliver the listed property to the surety" at the Yangs' home address. (*Id.*) However, both the Notices, and the "Affidavits of Individual Surety" forms[1] which are attached thereto, contain a number of obvious misrepresentations or defects. First, the forms identify the Yangs as surety brokers, rather than as the defendants in this case. (*See id*. at 3, § 5A) Second, the forms identify the U.S. District Court for the Eastern District of Wisconsin as a "Financial Institution," rather than as a judicial court. (*See id*. at 3, § 6A) Third, the forms identify *this civil case* as an "Asset" or security pledged to the United States, in support of a bond which has not been issued. (*Id*. at § 7) Fourth, the forms claim that "certain personal property" has been placed in escrow with the District Court, which has not occurred. (*Id*. at 6) Fifth, the forms represent that the Yangs are "duly authorized

---

[1] The forms attached to the Notices appear to be the same type used in connection with the bond and insurance requirements of the Federal Acquisition Regulation, 48 C.F.R. § 53.228(e). (*See* Docket Nos. 14, 15)

2

representative[s] of the United States government as . . . warranted contracting officer[s]", which they are not.  (*Id.*)

Even if these false assertions were true, nothing in the Notices appears to have any relevance to the SEC's claims, the Court's determination of whether the Defendant violated the federal securities laws, or the scope of Defendants' potential liability.

## Argument

This Court has the inherent authority "to strike an unauthorized filing."[2]  *See Cleveland v. Porca Co.*, 38 F.3d 289, 298 (7th Cir. 1994); *Midwest Grinding Co. v. Spitz*, 976 F.3d 1016, 1020 (7th Cir. 1992).  The Federal Rules of Civil Procedure also permit a court to strike an insufficient defense, or any redundant, immaterial, or impertinent matters.  Fed. R. Civ. P 12(f).  Although this rule "does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions."  *City of Sterling Heights Gen. Employees' Retirement Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (citing cases).  "To succeed on a motion to strike," the SEC only needs to show "that it is prejudiced by the filing."  *Orion Energy Sys., Inc. v. Energy Bank Inc.*, No. 16-C-1250, 2017 WL 11673417, at *2 (E.D. Wis. Aug. 28, 2019) (*citing Talbot v. Robert Matthews Distrib. Co.*, 961 F.3d 654, 664 (7th Cir. 1992)).

A.     **The Notices Are Unauthorized**

The Court should strike the Notices because the Yangs filed them without leave of Court. Civil Local Rule 7(i) provides:

---

[2] Although motions to strike are disfavored, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.3d 1286, 1295 (7th Cir. 1989), a district court should not hesitate to grant a motion to strike when appropriate.  *See, e.g., Benaderet v. Comm'r of the Social Security Admin.*, No. 19-v-1141-pp, 2020 WL 4054568, at *2 (E.D. Wis. July 20, 2020) (striking brief); *Keaton v. Hannum*, No. 1:12-cv-00641-SEB-MJD, 2013 WL 1800577, at *1 (S.D. Ind. Apr. 29, 2013) (striking immaterial statements in response brief).

3

> Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

The Notices are neither answers to the Amended Complaint or a motion to dismiss, and they were not filed by the deadline for such a response. *See* Fed. R. Civ. P. 7, 12(a), 12(b). Nor were the Notices filed with the SEC's consent as an announcement of a settlement, dismissal or an offer of judgment. *See* Fed. R. Civ. P. 68. Accordingly, they are not an authorized filing under the Federal Rule of Civil Procedure, the Local Rules of this District or any order of this Court. The Notices are not directed towards the Clerk's default and do not attempt to explain the Yangs' delay in responding to the SEC's lawsuit. They do not even indicate whether the Yangs believe that they have defenses to any of the SEC's claims, and they do not request permission for Yangs to litigate this case on the merits.

Accordingly, if Kay Yang and Chao Yang wished to file these Notices, whether as a response to the Complaint or the entry of default, they needed to obtain prior leave of Court.

**B.      The Notices Are Insufficient and Immaterial**

The Court should strike the Notices because they are insufficient and immaterial. First, the Notices are not responsive either to the SEC's Amended Complaint or the Clerk's entry of default. They do not deny any of the SEC's factual allegations or legal claims. Nor do they dispute that the SEC is entitled to any of the injunctive or financial relief requested. The Notices do not clarify whether the Yangs wish to litigate this case on the merits, or whether they merely wish to protect some form of property from a future judgment obtained by the SEC. Nothing in the Notices is helpful to the Court in determining whether the parties need to engage in discovery or move towards a final judgment.

4

Second, the Notices are immaterial.  Although the Notices appear to seek some type of relief or forbearance, either from the Court or the SEC, they do *not* clearly state what they want done, or the legal or factual basis for that request.  The first page of the Notices cites a provision of the Federal Acquisition Regulation.  (*See* Docket No. 14 at 1, Docket No. 15 at 1)  However, that regulation has no apparent relation to the SEC's Amended Complaint, which alleges violations of the federal securities laws.  The Notices refer repeatedly to escrows, liens, bonds, and sureties, but there are none associated with this matter, and there is no property in escrow.  Therefore, the Yangs' requests to "release" property from escrow or liens, and to direct the "custodian" of an escrow account "to deliver the listed property to the surety," make no sense.  Striking the Yangs' Notices will eliminate immaterial matter from the record and will save the parties, the Court and interested third parties from needlessly devoting time and resources on irrelevant filings.

**C.      The Notices Are Prejudicial**

If the Notices are not stricken, the SEC will be prejudiced.  The Notices contain false statements by the Yangs which, if they remain on the Court's docket, suggest that the Yangs are entitled to some form of relief from the SEC or the Court.  Each Notice contains false statements by the Yangs.  As noted above, the Yangs are the defendants in this case, not surety brokers for someone else's claims or property.  This Court is not a financial institution, like a bank or a brokerage firm.  The Yangs are not "duly authorized" representatives of the U.S. government or "warranted" as federal contracting officers.  This civil case is not an asset of the Yangs which can be pledged to the federal, state or local government as security for a bond.  And finally, no "personal property" has been placed in escrow with the Court, by the Yangs or anyone else, to benefit either the SEC or the Yangs' investor victims.

The Notices also inevitably convey false or misleading impressions about the status of this case. They purport to be subject to "Immediate Processing" by the "head court clerk." But there is no basis for any such processing. The Notices also demand that the Court "release from escrow" certain property and/or liens which have been identified in this case. There is no such property. And the Notices direct the "custodian" of an unidentified escrow account to "deliver the listed property" to the Yangs. No such transfer will occur. If these Notices are not stricken from the record, the public—and especially the individuals who invested money through Kay Yang—are likely to be misled into believing that there is some property, security or escrow being held for their benefit by the Yangs pursuant to an order of this Court.

Finally, if the Notices are not stricken, the Yangs may attempt to further litigate the arguments or claims for relief in the Notices. (*See* Docket No. 16, Motion for Order for Release and Full Settlement, filed July 12, 2022) This would further prejudice the SEC, which will be forced to spend additional time and resources on matters unrelated to the allegations of the Amended Complaint.

## Conclusion

For all of the foregoing reasons, the SEC respectfully requests that the Court grant its Motion and strike the Notices filed by Defendant Kay X. Yang and by Relief Defendant Chao Yang.

Dated: July 13, 2022    By: **/s/BeLinda I. Mathie**
Robert M. Moye (moyer@sec.gov)
BeLinda I. Mathie (mathieb@sec.gov)
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

*Attorneys for the Plaintiff*