# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br><br>v.<br><br>KAY X. YANG, XAPPHIRE LLC, and CHAO YANG,<br><br>                        Defendants. | Case No. 22-CV-450-JPS<br><br>**ORDER** |

        On April 13, 2022, Plaintiff Securities and Exchange Commission (the "SEC") filed this action, alleging a variety of securities fraud claims against Defendants Kay X. Yang ("Kay"), Xapphire LLC ("Xapphire"), and Chao Yang ("Chao") (together, "Defendants"). ECF No. 1. On April 27, 2022, the SEC filed an Amended Complaint. ECF No. 4. Xapphire was served with the Amended Complaint through its registered agent on May 5, 2022; Kay and Chao were personally served with the Amended Complaint on May 7, 2022. ECF Nos. 8–10. Consequently, Xapphire's response to the Amended Complaint was due on May 26, 2022 and Kay's and Chao's response to the Amended Complaint was due on May 31, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). On June 23, 2022, having received no response to the Amended Complaint from any of the Defendants, the SEC requested entry of default. ECF No. 13. The Clerk of Court entered default on June 24, 2022.

        Thereafter, on June 27, 2022, July 15, 2022, July 19, 2022, and July, 21, 2022, Kay and Chao filed, *pro se*, a variety of notices and affidavits. ECF Nos. 14–15, 18–21. The notices request, *inter alia*, that the Court "release from

escrow the property and liens listed in this case." ECF Nos. 14–15. The affidavits, titled "Affidavit of Truth" and "Affidavit of Live-Life-Claim," respectively, aver, *inter alia*, that Kay and Chao are not subject to United States' laws and, therefore, need not follow them. ECF Nos. 18–21. Specifically, Kay and Chao represent that they need not file "U.S. Individual Income Tax Returns" because "such filings were and are mandated only on citizens and residents of the United States," which does not apply to Kay and Chao, who are "free Nationalist[s] [who are] not restricted by the 14th Amendment." *Id.* On July 12, 2022, Kay and Chao additionally filed a "Motion for Release and Full Settlement," wherein they reiterate the content of the notices and "request that this court release from escrow the property and liens and settle in full this case." ECF No. 16. Finally, on July 21, 2022, Kay filed a document titled "Final Notice," wherein she purports that she made a special deposit to release personal property from escrow, thus "settl[ing] in full" the case. ECF No. 22.

On July 13, 2022, the SEC filed a motion to strike the notices docketed at ECF Nos. 14 and 15, arguing that the first two notices contain a number of misrepresentations (including by identifying Kay and Chao as surety brokers instead of defendants in this action), and that the notices have no relevance to the SEC's claims. ECF No. 17-1. While the SEC's motion predated Kay's and Chao's respective Affidavits of Truth and Affidavits of Live-Life-Claims, as well as the "Final Notice," the Court determines that the first two notices, the affidavits, and the "Final Notice" are prejudicial to the SEC and must be struck. The first two notices, the affidavits, and the "Final Notice" are neither answers to the Amended Complaint, nor a motion to dismiss. Nor are they a motion to set aside the Clerk of Court's June 24, 2022 entry of default. Moreover, the notices and affidavits contain

a number of representations that are irrelevant to this lawsuit. The Court has the authority to strike such "unauthorized filing[s]." *Cleveland v. Porca Co.*, 38 F.3d 289, 298 (7th Cir. 1994). The Court will exercise that authority here and will strike both the first two notices, ECF Nos. 14–15, the affidavits, ECF Nos. 18–21, as well as the "Final Notice," ECF No. 22, from the record.

The Court will further deny the "Motion for Release and Full Settlement," ECF No. 16, as, like the notices and affidavits, it is neither an answer to the Amended Complaint nor a motion to dismiss, nor is it a motion to set aside the Clerk of Court's entry of default. Civil Local Rule 7(i) provides:

> Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

Kay and Chao did not request leave to file the motion, which is not an appropriate responsive pleading; therefore, the Court will deny it. *See Cleveland*, 38 F.3d at 297.

The Court will grant all three Defendants (Xapphire, Kay, and Chao) twenty-one (21) days from the date of this Order to file an appropriate motion to set aside the Clerk of Court's entry of default, taking care to demonstrate to the Court why "good cause" exists therefor. *See* Fed. R. Civ. P. 55(d). In the meantime, Defendants may not file anything on the docket— whether it be an affidavit, notice, or the like—except for an appropriate motion to set aside the entry of default. If Defendants do not file an appropriate motion to set aside the entry of default within Twenty-One (21) days from the date of this Order, or if they fail to demonstrate "good cause," the SEC may file its application for default judgment under Federal Rule of

Civil Procedure 55(b)(2). *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks [through a motion for default judgment].") (citations omitted).

While Kay and Chao filed their notices, affidavits, and motion *pro se*, they have not formally appeared in this matter. However, Kay and Chao both provided postal mailing addresses on certain of their notices, ECF Nos. 14 and 15, which the Court will instruct the Clerk of Court to add to the docket and use to mail a copy of this Order to Kay and Chao. At any rate, based on their filings, the Court presumes that Defendants have access to the record and will receive a copy of this Order. Separately, in at least one filing, ECF No. 13-1 at 2, the SEC represents that Defendants have retained counsel in connection with this matter (though such counsel has not appeared on behalf of Defendants).

Accordingly,

**IT IS ORDERED** that Plaintiff Securities and Exchange Commission's motion to strike, ECF No. 17, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the notices docketed at ECF Nos. 14 and 15, the affidavits docketed at ECF Nos. 18, 19, 20, and 21, and the "Final Notice" docketed at ECF No. 22, be and the same are hereby **STRICKEN** from the record;

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Chao Yang's motion for order for release and full settlement, ECF No. 16, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang, Xapphire LLC, and Chao Yang file an appropriate motion to set aside the Clerk of Court's entry of default, taking care to demonstrate why "good cause" exists therefor under Federal Rule of Civil Procedure 55(d), within **twenty-one (21) days** of the date of this Order. If such a motion is not filed, or if Defendants fail to demonstrate "good cause," the Court will entertain a Rule 55(b)(2) motion for default judgment from Plaintiff Securities and Exchange Commission.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge