UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

vs.

KAY X. YANG, and
XAPPHIRE LLC,

        Defendants,

and

CHAO YANG,

        Relief Defendant.

Case No. 2:22-cv-0450

Hon. J.P. Stadtmueller

---

**PLAINTIFF'S RESPONSE TO
DEFENDANT KAY X. YANG'S MOTION TO DISMISS**

Plaintiff U.S. Securities and Exchange Commission ("SEC"), by way of response to the Motion to Dismiss (Docket No. 24),[1] filed by Defendant Kay X. Yang ("Defendant" or "Kay Yang"), states as follows:

**Preliminary Statement**

The SEC filed this case on April 13, 2022, alleging that Defendants Kay X. Yang and Xapphire LLC violated the securities laws by raising at least $16.5 million from approximately 70 investors through two fraudulent offerings of securities, and that Relief Defendant Chao Yang

---

[1] On August 25, 2022, Defendants Kay Yang and Chao Yang jointly filed a "Notice of Default Motion to Dismiss with Prejudice" (Docket No. 26). The SEC will respond separately to that motion.

received improper transfers of investor money from the Defendants. (*See* Docket No. 1) The SEC filed an Amended Complaint on April 27, 2022, which contained the same factual allegations as the initial Complaint. (Docket No. 4) Defendants failed to respond to the Amended Complaint. Accordingly, the Clerk of Court entered default on June 24, 2022. To date, no attorney has entered an appearance on behalf of Defendants.

After entry of the default, Kay Yang and Chao Yang filed a variety of notices and affidavits *pro se*. (*See* Docket Nos. 14, 15, 18, 19, 20, 21) On July 22, 2022, this Court entered an Order granting the SEC's motion to strike, and further ordered that Kay Yang and Chao Yang's additional filings docketed as ECF Nos. 18, 19, 20, and 21 be stricken. (Docket No. 23 at 4) The Court's Order also granted Defendants Kay Yang, Xapphire LLC, and Relief Defendant Chao Yang twenty-one days "to file an appropriate motion to set aside the Clerk of Court's entry of default, taking care to demonstrate why 'good cause' exists therefore under Federal Rule of Civil Procedure 55(d)." (*Id*. at 5)

Defendants did not comply with the Court's Order. Instead, Kay Yang filed a "motion" containing a veritable hodge-podge of unrelated claims, statements, questions and accusations, including:

- This Court (or the Seventh Circuit Court of Appeals), must be a business because it has a Dunn & Bradstreet number. (*See* Docket No. 24 at ¶¶ 3-4)

- This Court has a clerk, so it must be a bank and accept deposits including "the bonds deposited by Kay-Xiong: Yang." (*See id.* ¶¶ 3-4)

- Whether the District Judge and the attorneys in this matter, presumably those representing the SEC, "are part of the same team"? (*See id.* ¶ 5)

- Whether this Court has issued a "true bill" that a crime was committed? (*See id.* ¶ 6)

- The Yangs' default in this matter was the result of ineffective assistance of their prior counsel and "is not to be used against the defendants," citing *Strickland v. Washington*,

2

466 U.S. 668 (1984). (*See id.* ¶ 7)

- Kay Yang's Fifth Amendment rights (or Double Jeopardy protections) were violated because in 2020 she agreed to a Consent Order with the Wisconsin Department of Financial Institutions, without a finding of fraud, regarding the same $16.5 million investment scheme described herein. (*Id.* ¶ 8)

The motion also contains multiple paragraphs arguing, among other things, that: Defendants are not employed by the SEC; the Court and the SEC are harming Defendants; the FBI "raided and stole" Defendants' personal property "at gun point;" the SEC is attempting to intimidate, harass and extort money from the Defendants; and, if Defendants' motion is not promptly granted the SEC should pay them $10 billion. (*See Id.* at 2-4)

The Court should deny Defendant's Motion to Dismiss for the reasons set forth below.

## Argument

### A. The Motion Does Not Comply with the Court's July 22, 2022 Order.

Kay Yang's motion does not comply with the Court's July 22, 2022 Order, which authorized Defendants to file *only* a motion seeking to set aside the Clerk of Court's entry of default. The motion acknowledges the entry of default (*see* Docket No. 24 ¶ 7) but does not request that it be set aside. And the motion does not mention Federal Rule of Civil Procedure 55(d), or its requirements. The motion never uses the phrase "good cause" or suggests that the Court would have "good cause" to relieve her of her default. To the contrary, the first six paragraphs of the motion question the Court's status as a judicial institution, assert that it is acting as a bank holding Defendant's property, and asks whether the Court is aligned with the SEC's attorneys. (*Id.* ¶¶ 1-5) It is not a request to set aside the entry of default.

### B. Defendant Fails to Raise Any Potential Defenses.

Even if the motion were to be construed as a timely Rule 55 motion, it would not justify setting aside the default. Kay Yang has not raised any potential defenses to the SEC's claims

under the securities laws.  *See Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (general denials found insufficient to constitute a "meritorious defense"); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (a meritorious defense must raise "a serious question regarding the propriety" of the judgment and be "supported by a developed legal and factual basis").

None of the numerous previous filings by Defendants address (let alone deny) the allegations of the Amended Complaint.[2]  The closest Kay Yang comes to articulating a defense to the SEC's claims in this matter is the assertion that her Fifth Amendment or Double Jeopardy right have been violated because she consented to a 2020 settlement with the Wisconsin Department of Financial Institutions, without any findings of fraud, scam, scheme or any variation thereof."[3]  (*See* Docket No. 24 ¶ 8)

However, the Double Jeopardy clause of the U.S. Constitution "protects only against multiple *criminal* punishments meted out in successive proceedings." *United States v. Van Waeyenberghe*, 481 F.3d 951, 958 (2007) (*citing Hudson v. United States*, 522 U.S. 93, 98 (1997)).  Neither the Wisconsin Department of Financial Institution's action seeking the repayment of investor funds, nor the SEC's civil case against Defendants seeking disgorgement and civil penalties, is a criminal proceeding.  *See Van Waeyenberghe*, 481 F.3d at 958-59.

The other grievances raised by Kay Yang relate to an FBI search of the Defendant's home, and the removal of certain materials, in connection with that search.  (*See* Docket No. 24 at 3 ("raided and stole, at gun point, the personal properties of Kay-Xiong; Yang and Chao

---

[2] Kay Yang's claim that she was advised by an attorney not to respond to the SEC (*see* Docket No. 24 ¶ 7), may explain her initial failure to respond to the Amended Complaint.  But the U.S. Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), does not establish any defense available to Kay Yang against the SEC's securities fraud claims.

[3] *See* Docket No. 4, Am. Compl. ¶¶ 57-60.

4

Yang")) The search of Defendant's home occurred pursuant to a judicial warrant issued in a separate criminal proceeding, to which the SEC is not a party. (*See* Am. Compl. ¶ 71) The SEC does not hold any of the materials that were seized from Defendants. To the extent that Defendants seek the return of materials seized in that search, those requests should be directed to the criminal authorities in the search warrant proceeding.

### C. Defendant Is Barred from Asserting Any Claims Against the SEC in This Litigation.

Kay Yang's motion contains several conclusory and unfounded assertions that the SEC has violated her "God given rights" and continues to "intimidate, harass and psychologically harm" Defendant and her family and friends. (Docket No. 24 at 3) She accuses the SEC of seeking its own enrichment in this case, and claims that it "has committed extortion." (*Id.*) Kay Yang even suggests that, if the Court and the SEC do not dismiss this action, she is entitled among other things to payment for her injuries in the amount of $10 billion. (*Id.* at 4) These contentions must be rejected.

Section 21(g) of the Securities and Exchange Act of 1934 provides:

Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). The purpose of Section 21(g) is "to ensure speedy resolution of SEC enforcement actions." *SEC v. McCaskey*, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999) (citation omitted) (striking counterclaim against SEC).

Because adding claims to lawsuits tends to delay and complicate litigation, Section 21(g) is routinely invoked to strike or dismiss unauthorized third-party complaints and counterclaims. *See S.E.C. v. Wealth Management LLC*, Case No. 09-C-506, 2009 WL 3765395, at *1-2 (E.D.

5

Wisc. Nov. 9, 2009) (Griesbach, J.) (dismissing counterclaims by *pro se* defendant); *SEC v. Pinchas*, 421 F. Supp. 2d 781, 784 (S.D.N.Y. 2006) ("Any consideration of defendant's counterclaims here is barred by statute"); *SEC v. Better Life Club of Am., Inc.*, 995 F. Supp. 167, 180 (D.D.C. 1998) (dismissing unauthorized counterclaims). Moreover, the prohibition against asserting counterclaims or permitting intervention is absolute if the SEC does not consent. *SEC v. Wozniak*, Case No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993). *See also SEC v. Heartland Group, Inc.*, Case No. 01 C 1984, 2003 WL 103015, at *2 (N.D. Ill. Jan. 10, 2003) (courts have found intervention, cross-claims, counterclaims and third-party claims to be barred because "Section 21(g) acts as an impenetrable wall"). Here, the SEC does not consent to be subject to any counterclaims in this action. Accordingly, the Court should disregard any and all claims by Defendants, for damages or any other relief.

## Conclusion

For all of the foregoing reasons, the SEC respectfully requests that the Court deny Defendant Kay Yang's August 10, 2022 Motion to Dismiss (Docket No. 24).

Dated: September 1, 2022

>By: */s/Robert M. Moye*
>Robert M. Moye (moyer@sec.gov)
>BeLinda I. Mathie (mathieb@sec.gov)
>U.S. Securities and Exchange Commission
>Chicago Regional Office
>175 West Jackson Boulevard, Suite 1450
>Chicago, Illinois 60604
>
>*Attorneys for the Plaintiff U.S. Securities Exchange Commission*

# CERTIFICATE OF SERVICE

I certify that on September 1, 2022, I caused a copies of the foregoing Response, along with the unpublished decisions cited therein, to be served by U.S. Mail delivery, upon:

Kay X. Yang
9855 West Hawthorne Road
Mequon, WI 53097

Xapphire LLC
9855 West Hawthorne Road
Mequon, WI 53097

Chao Yang
9855 West Hawthorne Road
Mequon, WI 53097

                                                                                   */s/Robert M. Moye*
                                                                                       Robert M. Moye

7

Case 2:22-cv-00450-JPS   Filed 09/01/22   Page 7 of 7   Document 27