UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br><br>KAY X. YANG, and<br>XAPPHIRE LLC,<br><br>        Defendants,<br><br>and<br><br>CHAO YANG,<br><br>        Relief Defendant. | Case No. 2:22-cv-0450<br><br>Hon. J.P. Stadtmueller |

**PLAINTIFF'S RESPONSE TO
<u>DEFENDANTS' SECOND MOTION TO DISMISS</u>**

Plaintiff U.S. Securities and Exchange Commission ("SEC"), by way of response to the Notice of Default Motion to Dismiss with Prejudice (Docket No. 26), filed by Defendant Kay X. Yang and Relief Defendant Chao Yang (collectively "Defendants"), states as follows:

<u>Litigation Status</u>

The SEC filed this case on April 13, 2022, alleging that Defendants Kay X. Yang and Xapphire LLC violated the securities laws by raising at least $16.5 million from approximately 70 investors through two fraudulent offerings of securities, and that Relief Defendant Chao Yang received improper transfers of investor money from the Defendants. (*See* Docket No. 1) The SEC filed an Amended Complaint on April 27, 2022, which contained the same factual

allegations as the initial Complaint. (Docket No. 4) Defendants failed to respond to the Amended Complaint. Accordingly, the Clerk of Court entered default on June 24, 2022. To date, no attorney has entered an appearance on behalf of Defendants.

After entry of the default, Kay Yang and Chao Yang filed a variety of notices and affidavits *pro se*. (*See* Docket Nos. 14, 15, 18, 19, 20, 21) On July 22, 2022, this Court entered an Order granting the SEC's motion to strike, and further ordered that Kay Yang and Chao Yang's additional filings docketed as ECF Nos. 18, 19, 20, and 21 be stricken. (Docket No. 23 at 4) The Court's Order also granted Defendants Kay Yang, Xapphire LLC, and Relief Defendant Chao Yang twenty-one days "to file an appropriate motion to set aside the Clerk of Court's entry of default, taking care to demonstrate why 'good cause' exists therefore under Federal Rule of Civil Procedure 55(d)." (*Id*. at 5)

Defendants have not complied with the Court's Order. Instead, on August 10, 2022, Kay Yang filed a motion to dismiss containing a hodge-podge of unrelated claims, questions and accusations, including:

- This Court (or the Seventh Circuit Court of Appeals), must be a business because it has a Dunn & Bradstreet number. (*See* Docket No. 24 at ¶¶ 3-4)

- This Court has a clerk, so it must be a bank and accept deposits including "the bonds deposited by Kay-Xiong: Yang." (*See id*. ¶¶ 3-4)

- Whether the District Judge and the attorneys in this matter, presumably those representing the SEC, "are part of the same team"? (*See id*. ¶ 5)

- Whether this Court has issued a "true bill" that a crime was committed? (*See id*. ¶ 6)

- The Yangs' default in this matter was the result of ineffective assistance of their prior counsel and "is not to be used against the defendants," citing *Strickland v. Washington*, 466 U.S. 668 (1984). (*See id*. ¶ 7)

- Kay Yang's Fifth Amendment rights (or Double Jeopardy protections) were violated because in 2020 she agreed to a Consent Order with the Wisconsin Department of Financial Institutions, without a finding of fraud, regarding the same $16.5 million

2

investment scheme described herein. (*Id.* ¶ 8)

The motion also argued that: the Court and the SEC are harming Defendants; the FBI "raided and stole" Defendants' personal property "at gun point;" the SEC is attempting to intimidate, harass and extort money from the Defendants; and, if Defendants' motion is not promptly granted the SEC should pay them $10 billion. (*See Id.* at 2-4) The SEC filed a response in opposition to that motion on September 1, 2022. (*See* Docket No. 27) No reply has been filed.

On August 25, 2022, Defendant Kay Yang and Relief Defendant Chao Yang[1] filed this notice and motion, "by special appearance, participating under threat, duress and coercion, not submitting to the court's jurisdiction," and asked the Court to "dismiss with prejudice" the SEC's Complaint "for failure to file a response within a timely manner." (Docket No. 26 at 1) Defendants also requested that the SEC "and this [C]ourt" respond to Kay Yang's August 10, 2022 motion to dismiss "by sworn affidavit under penalty of perjury" and "responding point by point" to those statements "within 10 days via the UPS." (*Id.*)

Defendants *also* noted that Yang had "MOTIONED TO DISMISS" this action "and all other subsequent similar cases with prejudice," and asked the Court to "immediately release their personal properties as the 10 days has passed" and neither the SEC or "this court" had responded

---

[1] Defendants identify themselves as "Grantor/Executor/Bailor/Shareholder" of the Kay Yang Trust and the Kay Yang Estate, and the Chao Yang Trust and the Chao Yang Estate. (*See* Docket No. 26 at 1) However, these entities (if they exist) are not parties to this action. The SEC did not name a trust or estate as a defendants in the Amended Complaint; none of the SEC's allegations address a trust or estate; and no trust or estate has sought or received leave to participate in this action. Further, any legal relationship or obligation which Defendants may have to a trust or estate does not affect their status as Defendants in this matter, or their rights and obligations under the Federal Rules of Civil Procedure. As discussed below, to the extent that Defendants are claiming status as an independent sovereign, or that the existence of a purported trust or estate renders them not subject to the jurisdiction of this Court, such "belief, sincerely held or not, is not a valid basis for avoiding state or federal jurisdiction." *Williams El v. City of Sheboygan*, Case No. 18-CV-293-JPS, 2018 WL 2416582, at *3 (E.D. Wis. May 29, 2018) (Stadtmueller, J.).

to Kay Yang's motion. (*Id*. at 1-2) Accordingly, Defendants reserved their rights to "properly balance the books with the IRS by filing 1099 forms relevant to this case." (*Id*. at 2)

Defendants further request that the parties to this case, the parties to another case brought against them by another federal agency in this District (22-cv-449), and the parties to the federal criminal search warrant matter (22-mj-852-NJ), return their personal properties, and "unless this case and all similar cases are dismissed with prejudice" and Defendants "are compensated in the amount of $94,000,000" Defendants would not remove the lien filings attached to their filing. (*See* Docket No. 26 at 2) Defendants attach a series of "UCC Financing Statements" naming as debtors the SEC, its litigation counsel, the Commodities Futures Trading Commission ("CFTC"), the CFTC's litigation counsel, the Department of Treasury, an Internal Revenue Service agent, the Federal Bureau of Investigation ("FBI"), an FBI agent, Magistrate Judge Nancy Joseph, and District Judge Stadtmueller. (*See* Docket No. 26-1)

Defendants describe the "collateral" being financed with a $94 million "commercial lien" as "the stolen property" of Kay Yang and Chao Yang. (*Id*. at 1) Defendants also assert that by ignoring requests to return that property, the individuals and entities have harmed the Kay Yang and Chao Yang estates, and "the value and this commercial lien [sic] not to exceed $10,000,000,000 (Ten Billion US Dollars)." (*Id*. at 7) The personal properties are identified in an attachment to the UCC filing, which appears to be an "Inventory Listing of All Items Seized at Search Warrant Site," in connection with the criminal search of the Yangs' residence. (*Id*. at 8-15) No commercial transaction, financing agreement or credit relationship is described in the UCC filing statement or the attachment. To the contrary, Defendants' clearly describe their personal property as having been seized pursuant to a search warrant during a criminal investigation by another federal law enforcement agency – not the SEC.

4

The Court should deny Defendant's Notice of Default and Motion to Dismiss with Prejudice for the following reasons:

## Argument

### A. The Motion Does Not Comply with the Court's July 22, 2022 Order.

As with Kay Yang's August 10, 20202 motion, Defendants' August 25, 2022 motion does not comply with the Court's July 22, 2022 Order, which authorized Defendants to file *only* a motion seeking to set aside the Clerk of Court's entry of default. The motion does not acknowledge the entry of default or request that it be set aside. And the motion does not mention Federal Rule of Civil Procedure 55(d), or its requirements. The motion never uses the phrase "good cause" or suggests that the Court would have "good cause" to relieve them of their default. To the contrary, Defendants' motion purports to impose a massive commercial lien upon the Court, a Magistrate Judge, several federal agencies, two federal agents, and four individual attorneys – based on Defendants' connection to an ongoing criminal investigation. (*See* Docket Nos. 26, 26-1) Defendants remain in default.

### B. Defendants Fail to Identify Any Valid Basis for Dismissal of the Amended Complaint.

Defendants' motion fails to cite any viable basis for the dismissal of the SEC's Amended Complaint under the Federal Rules of Civil Procedure. Defendants do not attempt to articulate any grounds for concluding that the Court lacks jurisdiction over the SEC's claims or the Defendants, or that Defendants are not subject to federal laws. The Seventh Circuit has rejected, repeatedly, litigants' theories of individual sovereignty and immunity from prosecution. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2001) ("These theories should be rejected summarily, however they are presented."). *See also Mathews v. Kemper*, Case No. 18-CV-1810-JPS, 2019 WL 3253697, at *2 (E.D. Wis. July 18, 2019) (denying motion to stay claim based on

5

Case 2:22-cv-00450-JPS   Filed 09/16/22   Page 5 of 10   Document 30

"sovereign citizen" beliefs as frivolous) (Stadtmueller, J.); *Williams*, 2018 WL 2416582, at *3 (dismissing claims based upon litigant's assertion of "sovereign citizen" status as frivolous).

The Federal Rules of Civil Procedure do not require the SEC (or the Court) to respond to any filing or demand by Defendants with a sworn statement, or on an arbitrary schedule set by them. Nor do Defendants cite any authority for their contention that a federal law enforcement search of their residence, the removal of certain materials in connection with that search, and the failure to return those materials upon request, constitutes grounds for the dismissal of the SEC's case or any other lawsuit. Even if such a claim were possible, the search of Defendants' residence occurred pursuant to a judicial warrant issued in a separate criminal proceeding, to which the SEC is not a party. (*See* Am. Compl. ¶ 71) And the SEC does not hold any of the materials that were seized from Defendants.

Accordingly, Defendants' motion to dismiss the SEC's Amended Complaint should be denied.

### C. Defendants Are Barred from Asserting Any Claims Against the SEC, for Money or Property, as Part of This Litigation.

To the extent that Defendants' filing, whether viewed as a "notice" or a "motion," may be read as a claim that the SEC return their personal property (which the SEC does not have), or that the SEC owes them money for harm caused by the search of their residence (which was conducted pursuant to a warrant obtained by another federal agency) these contentions must be rejected.

As stated in the SEC's Response to Kay Yang's Motion to Dismiss (Docket No. 27), Section 21(g) of the Securities and Exchange Act of 1934 provides that:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the

> Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). The purpose of Section 21(g) is "to ensure speedy resolution of SEC enforcement actions." *SEC v. McCaskey*, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999) (citation omitted) (striking counterclaim against SEC).

Adding claims to lawsuits tends to delay and complicate litigation, so Section 21(g) is routinely invoked to strike or dismiss unauthorized third-party complaints and counterclaims. *See SEC v. Wealth Management LLC*, Case No. 09-C-506, 2009 WL 3765395, at *1-2 (E.D. Wis. Nov. 9, 2009) (Griesbach, J.) (dismissing counterclaims by *pro se* defendant); *SEC v. Pinchas*, 421 F. Supp. 2d 781, 784 (S.D.N.Y. 2006) ("Any consideration of defendant's counterclaims here is barred by statute"); *SEC v. Better Life Club of Am., Inc.*, 995 F. Supp. 167, 180 (D.D.C. 1998) (dismissing unauthorized counterclaims). Moreover, asserting counterclaims or permitting intervention is absolutely prohibited if the SEC does not consent. *SEC v. Wozniak*, Case No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993). *See also SEC v. Heartland Group, Inc.*, Case No. 01 C 1984, 2003 WL 103015, at *2 (N.D. Ill. Jan. 10, 2003) (courts have found intervention, cross-claims, counterclaims and third-party claims to be barred because "Section 21(g) acts as an impenetrable wall"). Here, the SEC does not consent to be subject to any claims or counterclaims in this action. Accordingly, the Court should disregard any and all claims by Defendants, for monetary damages, the return of property, or for any other relief.

### D. Defendants' Filing of False UCC Filing Statements Is Invalid

Despite filing purported UCC Financing Statements, as described above, against the SEC, other federal agencies, two federal agents, the attorneys representing the SEC and the CFTC, and two federal judicial officers (including the District Judge in this matter), Defendants have failed to document any valid security interest that should be recognized by the Court. The SEC

acknowledges that "Article 9 of Wisconsin's UCC covers 'any transaction (regardless of form) which is intended to create a security interest in personal property.'" *Demitropoulos v. Bank One Milwaukee, N.A.*, 953 F. Supp. 974, 979 (N.D. Ill. 1997) (*quoting* Wis. Stat. § 409.102(1)(a).) Such provisions normally apply "to 'security interests created by a contract.'" *See Id.* (*quoting* Wis. Stat. § 409.102). However, "[a] UCC financing statement, standing alone, and not signed by the debtor, does not create a security interest." *In re Demir*, 500 B.R. 913, 918 (N.D. Ill. 2013) (litigant failed to establish that he security interest in subject property).

Here, Defendants have not alleged or proven the existence of any valid commercial transaction, financing agreement, or debtor-creditor relationship, either in their purported UCC filings or in their notice and motion. Defendants did not file any signed agreement or statement, by any individual or entity they assert may be liable to them, which is evidence of a debt, a financing agreement, or a debtor-creditor relationship. Nor could they, because no such relationship exists. Defendants' purported UCC financing statements are not only invalid--there is no remedy available to Defendants in this Court. Any claim against a federal agency under the UCC, if the government had consented to such a claim, should be brought in Bankruptcy Court or the Court of Federal Claims, rather than in a District Court. *See Gorden v. Kreul*, 77 F.3d 152, 156 (7th Cir. 1996) (any "errors in the collection of debts due to federal agencies must be addressed through the statutes, regulations, and contracts that specify the parties' rights").

In addition, Defendants have failed to argue, let alone demonstrate, that they are permitted to assert any demand or state law claims against the SEC's litigation counsel or with the Court itself. Judicial officers normally are entitled to absolute immunity for all actions taken within their jurisdiction. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (affirming dismissal of Section 1983 action against a county judge). This Court also has the

8

Case 2:22-cv-00450-JPS   Filed 09/16/22   Page 8 of 10   Document 30

power to invalidate any baseless common-law liens and writs of attachment brought against federal employees. *See e.g., Ryan v. Bilby,* 764 F.2d 1325, 1327-28 (9th Cir. 1985) (district court had jurisdiction to void common-law liens taxpayers filed on property of government officials assigned to collect delinquent taxes); *United States v. Johnson*, Case No. 15-cv-1831, 2016 WL 7408832, at *6-7 (E.D.N.Y. May 4, 2016) (unsupported, frivolous financing statement used to harass government employees may be declared null and void).

Accordingly, the Court should disregard the UCC Financing Statement filed by Defendants as a false documents, created and filed for the purpose of harassing government agencies, the SEC's litigation counsel, and the District Judge.

## Conclusion

For all of the foregoing reasons, the SEC respectfully requests that the Court deny Defendant Kay Yang's and Relief Defendant Chao Yang's August 25, 2022 Motion to Dismiss (Docket No. 26).

Dated: September 16, 2022

By: ***/s/Robert M. Moye***
Robert M. Moye (moyer@sec.gov)
BeLinda I. Mathie (mathieb@sec.gov)
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

*Attorneys for the Plaintiff U.S. Securities Exchange Commission*

# CERTIFICATE OF SERVICE

I certify that on September 16, 2022, I caused a copies of the foregoing Response, along with the unpublished decisions cited therein, to be served by U.S. Mail delivery, upon:

Kay X. Yang
9855 West Hawthorne Road
Mequon, WI 53097

Xapphire LLC
9855 West Hawthorne Road
Mequon, WI 53097

Chao Yang
9855 West Hawthorne Road
Mequon, WI 53097

                                              */s/Robert M. Moye*
                                                 Robert M. Moye