# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                             Plaintiff,<br><br>v.<br><br>KAY X. YANG, XAPPHIRE LLC, and CHAO YANG,<br><br>                             Defendants. | Case No. 22-CV-450-JPS<br><br>**ORDER** |

**1.     BACKGROUND**

On April 13, 2022, Plaintiff Securities and Exchange Commission (the "SEC") filed this action, alleging a variety of securities fraud claims against Defendants Kay X. Yang ("Kay"), Xapphire LLC ("Xapphire"), and Chao Yang ("Chao") (together, "Defendants"); specifically that Kay and Xapphire raised at least $16.5 million from approximately 70 investors through two fraudulent offerings, and that Chao received improper transfers of investor money. ECF No. 1; ECF No 37 at 1. On April 27, 2022, the SEC filed an Amended Complaint containing the same factual allegations. ECF No. 4. Xapphire was served with the Amended Complaint through its registered agent on May 5, 2022; Kay and Chao were personally served with the Amended Complaint on May 7, 2022.  ECF Nos. 8–10. Consequently, Xapphire's response to the Amended Complaint was due on May 26, 2022 and Kay's and Chao's response to the Amended Complaint was due on May 31, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). On June 23, 2022, having received no response to the Amended Complaint from any of the

Defendants, the SEC requested entry of default. ECF No. 13. The Clerk of Court entered default on June 24, 2022.

Thereafter, on June 27, 2022, July 15, 2022, July 19, 2022, and July, 21, 2022, Kay and Chao filed, pro se, a variety of notices and affidavits. ECF Nos. 14–15, 18–21. On July 22, 2022, the Court granted the SEC's motion to strike these filings, finding them unauthorized under the Federal and Local Rules, irrelevant, and prejudicial to the SEC. ECF No. 23. The Court also denied Defendants' "Motion for Release and Full Settlement," filed July 12, 2022, ECF No 16, because, like the notices and affidavits, it was an unauthorized filing and irrelevant. Specifically, the document was not a proper responsive pleading in this action, which alleges violations of the securities laws, nor was it a motion to set aside default. ECF No. 23 at 3.

Because Defendants were in default, the Court granted them until August 12, 2022 "to file an appropriate motion to set aside the Clerk of Court's entry of default, taking care to demonstrate to the Court why "good cause" exists therefor. ECF No. 23 at 3. The Court continued, ordering that, "[i]n the meantime, Defendants may not file anything on the docket— whether it be an affidavit, notice, or the like—except for an appropriate motion to set aside the entry of default." *Id.* Finally, the Court explained that, if Defendants "do not file an appropriate motion to set aside the entry of default within Twenty-One (21) days from the date of this Order, or if they fail to demonstrate 'good cause,' the SEC may file its application for default judgment under Federal Rule of Civil Procedure 55(b)(2)." *Id.*

## 2.    FILINGS BEFORE THE COURT

Following the Court's July 22, 2022 order, Kay (alone and/or with Chao) has filed: (1) two motions to dismiss, dated August 10, 2022 and August 25, 2022, ECF Nos. 24, 26; (2) a letter requesting that the Court sign

an IRS Form 56 "in order to continue to do business" with Kay and Chao and requesting payment from the Court, dated August 17, 2022, ECF No. 25; (3) copies of UCC Financing Statements naming as "debtors-in-possession" the SEC, the attorneys representing the SEC in this action, the Commodity Futures Trading Commission (the "CFTC"), the attorneys representing the CFTC in *Commodity Futures Trading Commission v. Yang*, 22-CV-449-LA (E.D. Wis. Apr. 13, 2022), the Department of the Treasury, the FBI, federal agent Daniel Hargreaves, the United States District Court for the Eastern District of Wisconsin, and this Judge as well as Magistrate Judge Nancy Joseph (both listed at the address of the federal courthouse), dated September 1, 2022, ECF Nos. 28, 29 (the "UCC Financing Statements"); (4) copies of documents titled "Proof of Claim for Internal Revenue Taxes" stating that the Seventh Circuit and the SEC are indebted to the United States in the amount of $16.5 million, dated September 22 and 23, 2022, ECF Nos. 31, 32; (5) a letter from Kay to the SEC informing the SEC that its "fraudulent[]" and "false" claim is "adjourned," and requesting a "full accounting relating in any way to . . . [the SEC's] intrusion" upon Kay, dated October 11, 2022, ECF No. 33; (6) a motion to set aside default, dated October 18, 2022, ECF No. 34, and (7) a counterclaim against the SEC, dated November 28, 2022, ECF No. 39.

The SEC filed opposition briefs to the two motions to dismiss and the motion to set aside default on September 1, 2022, September 16, 2022, and November 7, 2022, respectively, ECF Nos. 27, 30, 38. Defendants did not file reply briefs in support of any of their motions, and their time to do so has lapsed. Civ. L.R. 7(c). On October 31, 2022, the SEC also filed a motion to strike the documents filed at ECF Nos. 28, 29, 31, 32, and 33. ECF No. 37. In that motion, the SEC additionally moves for an order declaring the UCC

Financing Statements, ECF Nos. 28, 29, null and void. ECF No. 37 at 6. Finally, the SEC parenthetically suggests that sanctions based on false statements in the above-listed documents may be appropriate, whether through the payment of a fine or a restriction on Kay's and Chao's ability to file documents with the Court. *Id.* at 7. Defendants did not file an opposition brief to the SEC's motion to strike, and their time to do so has lapsed. Civ. L.R. 7(b).

3. **ANALYSIS**

   3.1 **The SEC's Motion to Strike Certain Filings and Declare Certain Filings Null and Void**

As the Court explained in its July 22, 2022 order, the Court has the authority to strike "unauthorized filing[s]." *Cleveland v. Porca Co.*, 38 F.3d 289, 298 (7th Cir. 1994); *see also* Fed. R. Civ. P. 12(f) (courts may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Material may be struck as "scandalous" if "the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992). A motion to strike may apply to part of a document, or to an entire document. *See, e.g.*, *Loubser v. United States*, 606 F. Supp. 2d 897, 908 (N.D. Ind. 2009).

The Court finds that the documents subject to the SEC's motion to strike (ECF Nos. 28, 29, 31, 32, and 33), as well as the document docketed at ECF No. 25, must be struck. As with the documents subject to the Court's July 22, 2022 order, ECF No. 23, the documents are not authorized filings (which, at this juncture, would only have been a motion to set aside default, as ordered in the Court's July 22, 2022 order), they are irrelevant, and they are prejudicial to the SEC.

The documents are, in their entirety, false and irrelevant statements. The Court is not conducting business with Kay and Chao; any request for the Court to sign tax forms or remit payment to Kay and Chao is scandalous within the meaning of Rule 12(f). ECF No. 25. Neither the Court nor any of the entities described in the UCC Financing Statements have a credit relationship, financing agreement, or commercial transaction connection with Kay and Chao; indeed, none is described on the documents. ECF Nos. 28, 29. Kay is also not, despite her representations to the contrary, an "officer of the Internal Revenue Service" duly authorized to file proof of a claim with the IRS as to either the SEC or the Seventh Circuit. ECF Nos. 31, 32. The letter filing purporting to "adjourn" the SEC's claim against Defendants is untenable. ECF No. 33. These filings manipulate and/or misstate the subject of the instant suit and distract from the real issues in the case. For these same reasons, allowing them to remain on the docket will prejudice the SEC. Thus, the SEC's motion to strike, ECF No. 37, will be granted.

The Court will also order that the UCC Financing Statements, ECF Nos. 28, 29, be declared null and void. *See, e.g.*, *United States v. McKinley*, 53 F.3d 1170, 1172 (10th Cir. 1995) (declaring null and void liens "purporting to secure assets to which [defendant] would have no legal claim" imposed upon federal prosecutors and judges); *United States v. Exinia*, No. 15-CV-41, 2015 WL 12841096, at *6 (S.D. Tex. Oct. 9, 2015) ("[N]either state nor federal law provides that a citizen may file a lien on the property of a public official for alleged wrongs committed by that official against a citizen without the existence of a judgment in the citizen's favor.") (collecting cases); *see also United States v. Johnson*, No. 15-CV-1831, 2016 WL 7408832, at *6 (E.D.N.Y. May 4, 2016) (collecting cases holding that unilateral security documents

with no legal effect filed against federal government officials are "bogus documents" and should be declared null and void).

Additionally, "[t]he power of the district court encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. McGugan*, 600 F. Supp. 2d 608, 610 (D.N.J. 2009) (internal citations omitted) (citing 26 U.S.C. § 7402(a)); *United States v. Barker*, 19 F. Supp. 2d 1380, 1383 (S.D. Ga. 1998) ("It is by now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment, intimidation, and extortion in the form of 'liens' commonly filed by tax protestors and prisoners."); *United States v. Haggert*, No. 95-CV-236, 1996 WL 196757, at *1 (D. Maine Feb. 12, 1996) (as to liens against Department of Treasury and Internal Revenue Service employees, "[e]very jurisdiction faced with similar liens have found them of no legal effect, and have either declared them null and void or affirmed such declarations") (collecting cases); *accord United States v. Brewer*, No. 11-CV-3025, 2012 WL 2872815, at *4 (E.D. Cal. July 11, 2012) (applying Section 7402(a) to bankruptcy officials).

Here, the SEC first argues that the UCC Financing Statements are unsupported. ECF No, 37 at 6 (citing *In re Demir*, 500 B.R. 913, 918 (N.D. Ill. 2013) ("Put simply, the UCC Filings purport to establish a security interest that does not exist.")). Second, the SEC contends that they are unauthorized. *Id.* (quoting *Lightstorm Ent'mt Inc. v. Cummings*, No. 20-CV-8044, 2021 WL 2483792, at *3 (C.D. Cal. Apr. 27, 2021) (UCC financing statements may be filed "only if the debtor authorizes the filing")).

After careful review of the UCC Financing Statements, the Court agrees that they are void and/or fail as a matter of law on their face, and further finds that they are "frivolous devices used to harass the

Government and its employees." *McGugan*, 600 F. Supp. 2d at 611 n.3 (collecting cases). The UCC Financing Statements describe the subject "collateral" as

> The debtors in possession listed above [the above-listed federal agencies and officers] are being placed on a $94,000,000 [] commercial lien for unjust enrichment and for the stolen properties of Kay-Xiong: Yang, Chao: Yang and family of the attached listed items.

ECF No. 28 at 2; ECF No. 29 at 2. The UCC Financing Statements also provide that, by ignoring requests to return the "stolen properties," the above-listed federal agencies and officers are in default and that "the value and this commercial lien [is] not to exceed $10,000,000." ECF No. 28 at 8; ECF No. 29 at 9. A list of the "stolen properties" is attached, which is a list of items seized in connection with a criminal search of Kay and Chao's residence. ECF No. 28 at 9; ECF No. 29 at 10; *see also* ECF No. 37 at 3.

Accordingly, the Court will grant the SEC's motion and order that the UCC Financing Statements be declared null and void, and that a copy of this Order may be filed and recorded in any federal or state office or agency, county clerk's office, assessor's office, or any other location where such "bogus documents" have been or will be filed by Kay, Chao, and/or any member of Xapphire. The Court will take up the SEC's suggestion regarding sanctions and/or a filing bar below.

### 3.2 Kay and Chao's Motions to Dismiss, Motion to Set Aside Default, and Counterclaim

The Court's July 22, 2022 order was clear that it would not accept any filings from any Defendant other than an appropriate motion to set aside the Clerk of Court's entry of default, which motion was due on or before August 19, 2022. ECF No. 23 at 3. Kay and Chao filed two motions to

dismiss on August 10, 2022 and August 25, 2022, respectively. ECF Nos. 24, 26. The motions to dismiss, ostensibly intended to present one or more of the defenses laid out in Federal Rule of Civil Procedure 12, were over three months late (service was effectuated on Defendants on May 5, 2022 and May 7, 2022, respectively, *see supra* p. 1), and almost two months after the Clerk's entry of default.

When the SEC moved for entry of default on June 23, 2022, it showed "by affidavit or otherwise," in the form of a declaration by counsel, that Defendants had "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Federal Rules counsel that, on these facts, "the clerk *must* enter the party's default." *Id.* (emphasis added). At that point, it was incumbent on Defendants, as explained in the Court's July 22, 2022 order, to move to set aside entry of default. Fed. R. Civ. P. 55(c); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Defendants' motions to dismiss, ECF Nos. 24, 26, are untimely and will be denied on that basis.

Even if the Court were to construe the motions to dismiss as motions to set aside the Clerk's entry of default, they do not meet the Rule 55(c) standard to do so. *Cracco*, 559 F.3d at 630 ("A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.").

The first motion to dismiss questions the Court's status as a government agency, speculates that the Court "must be a business, must be a bank" because the Court employs a clerk, and attributes "dishonor" to the Court for denying Defendants' prior unauthorized filings. ECF No. 24 at 2. It does not address at all the substantive merits of this case—that is, that Defendants allegedly violated securities laws; instead, it raises numerous

Page 8 of 14
Case 2:22-cv-00450-JPS    Filed 12/19/22    Page 8 of 14    Document 40

questions and allegations that appear to relate to the criminal search of Kay and Chao's residence. *Id.* at 3–4. The only mention of the entry of default is that, at one point, Defendants apparently retained counsel and that counsel's "ineffective assistance" caused the entry of default. *Id.* at 2. However, as the Court noted in its prior order, ECF No. 23 at 4, no such counsel ever appeared for Defendants in this matter, but Defendants have nonetheless been well aware of this case and their obligation to litigate it. Such a claim does not rise to the level of "good cause." *See, e.g.*, *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204 (7th Cir. 1984) (affirming district court decision not to vacate default where it concluded that defendants "believed they could ignore this case and throw themselves upon the mercy of the court by contending that their local counsel was incompetent"); *see also United States v. Di Mucci*, 879 F.2d 1488, 1496 (7th Cir. 1989) (same as to both Rule 55(c) context to set aside entry of default and Rule 60(b) context to vacate default judgment).

The second motion to dismiss requests that the case be dismissed for the SEC's failure to respond to Kay's and Chao's first motion to dismiss within 10 days. ECF No. 26 at 1–2 ("Yang motioned to dismiss this case and all other subsequent similar cases with prejudice . . . the 10 days has passed and no response has been received from either this court or [the SEC]."). Civil Local Rule 7(b) provides that a non-moving party has 21 days to respond to a motion to dismiss. Kay and Chao may not unilaterally adjust that date. In any event, such an argument comes nowhere close to meeting the Rule 55(c) standard to set aside entry of default.

Page 9 of 14
Case 2:22-cv-00450-JPS   Filed 12/19/22   Page 9 of 14   Document 40

Finally, on October 18, 2022, Kay filed a document appropriately titled "Motion to Set Aside Default,"[1] and accompanied the filing with an affidavit. ECF Nos. 34, 35. The motion was filed two months late, given the deadline the Court had imposed in its July 22, 2022 order. Nonetheless, the Court evaluates it, together with the SEC's response, to determine whether it meets the Rule 55(c) standard. First, Kay avers that she was never served with the complaint and is unsure who the plaintiff is because the SEC "is an entity [and] has no contracts with Kay Yang." ECF No. 34 at 1; *see also* ECF No. 35 at 1. Second, Kay contends that the complaint fails to provide her notice of the factual allegations against her. ECF No. 34 at 2. Third, Kay contends that default was improperly entered because the SEC supported its motion for entry of default with a declaration in lieu of an affidavit. *Id.* Kay attached a copy of the complaint, ECF No. 1, to her motion.

The SEC submitted proof of personal service on Kay at her residence, which residence is the same return address Kay uses on all her filings with the Court. *Compare* ECF No. 9, *with* ECF No. 29 at 1. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Tate v. Milwaukee Cnty. Jail*, No. 06-C-670, 2008 WL 4501513, at *3 (E.D. Wis. Sept. 30, 2008). Kay has offered no such evidence.

That Kay believes the complaint does not sufficiently describe the allegations also does not demonstrate good cause to set aside default; Kay could have appeared and timely presented that defense under Rule 12. She did not. Finally, an attorney declaration constitutes a showing "by affidavit

---

[1]The Clerk of Court entered default against all three Defendants: Kay, Chao, and Xapphire. No motion to set aside entry of default has been filed by Chao or Xapphire.

or otherwise" within the meaning of Rule 55(a). *United States v. Real Prop. Located in Wise Cnty., Texas, & More Fully Described in Attachment A*, No. 4:21-CV-01188-O, 2022 WL 2718542, at *3 (N.D. Tex. Apr. 14, 2022). Even if it did not, such an argument would not provide a basis to support a failure to timely defend, given that Kay was served with this lawsuit on May 7, 2022, but did not begin filing anything in this case until June 27, 2022 (notwithstanding that the June and July 2022 filings have, by and large, all been struck as unauthorized, irrelevant, or prejudicial). The Court will deny Kay's motion to set aside default, and the Clerk's June 24, 2022 entry of default against Defendants will stand.

Finally, the November 28, 2022 counterclaim filed by Kay, ECF No. 39, will be dismissed. Section 21(g) of the Securities and Exchange Act of 1934 provides:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). Section 21(g) applies in actions that seek both equitable relief and civil penalties, such as this action. *U.S. S.E.C. v. Wealth Mgmt. LLC*, No. 09-C-506, 2009 WL 3765395, at *2 (E.D. Wis. Nov. 9, 2009) (collecting cases) ("[Section] 21(g) has been routinely employed to dismiss third-party complaints and counterclaims."); *see also* ECF No. 4 at 20 (listing, *inter alia*, permanent injunctive orders, disgorgement, and civil penalties as relief requested). The SEC has not consented to consolidation here. ECF No. 27 at 6. Consequently, the Court will dismiss the counterclaim. ECF No. 39.

The SEC may file its application for default judgment pursuant to Rule 55(b)(2) on or before **January 27, 2023**. Pursuant to Local Rule 7(b), Defendants Kay X. Yang, Chao Yang, and Xapphire LLC's response will be due within **twenty-one days** of the filing of the motion. Pursuant to Local Rule 7(c), the SEC may file a reply brief within **fourteen days** of Defendants Kay X. Yang, Chao Yang, and Xapphire LLC's response.

In their briefing, the parties must consider factors including "the amount of money involved, whether the default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect." *Faraca v. Fleet 1 Logistics, LLC*, 693 F. Supp. 2d 891, 894 (E.D. Wis. 2010) (citing 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure ¶ 2685 (3d ed. 1998)); *see also Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) ("[A] defendant's response to a motion for default judgment [is] insufficient if it lack[s] a grounding in facts which would support a meritorious defense of the action by the non-moving party.") (citations omitted). The parties must also brief the related question of the appropriate remedy should default judgment be entered, including the factors for injunctive relief, if that is one of the briefed remedies. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).

The Court will not impose sanctions or a filing bar on Defendants at this juncture, as the SEC requests parenthetically in its motion to strike, ECF No. 37 at 7, but it will not consider any document filed on the docket other than an appropriate response to the SEC's Rule 55(b)(2) application for default judgment, or a motion for an extension of time to file that response.

Accordingly,

**IT IS ORDERED** that Defendant Kay X. Yang's motion to dismiss, ECF No. 24, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Chao Yang's motion to dismiss, ECF No. 26, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Securities and Exchange Commission's motion to strike, ECF No. 36, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the documents docketed at ECF Nos. 25, 28, 29, 31, 32, and 33, be and the same are hereby **STRICKEN** from the record;

**IT IS FURTHER ORDERED** that the "UCC Financing Statements" filed by Defendant Kay X. Yang at ECF Nos. 28 and 29 purporting to create and/or reflect a non-consensual lien or encumbrance on the person or property of certain entities, departments, branches, employees and/or officers of the United States federal government are **DECLARED** null and void and to have no legal force and effect;

**IT IS FURTHER ORDERED** that this Order may be filed and recorded in any federal or state office or agency, county clerk's office, assessor's office, or any other location where any non-consensual lien or encumbrance on the person or property of any entities, departments, branches, employees and/or officers of the United States has been or will be filed by Defendants Kay X. Yang, Chao Yang, and/or any member of Xapphire LLC;

**IT IS FURTHER ORDERED** that Defendant Kay X. Yang's motion to set aside entry of default, ECF No. 34, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Kay X. Yang's counterclaim against Plaintiff Securities and Exchange Commission, ECF No. 39, be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Plaintiff Securities and Exchange Commission file its application for default judgment pursuant to Rule 55(b)(2) on or before **January 27, 2023**; pursuant to Local Rule 7(b), Defendants Kay X. Yang, Chao Yang, and Xapphire LLC's response will be due within **twenty-one days** of the filing of the motion; and pursuant to Local Rule 7(c), Plaintiff Securities and Exchange Commission may file a reply brief within **fourteen days** of Defendants Kay X. Yang, Chao Yang, and Xapphire LLC's response.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge