# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 22-CV-450-JPS |
| v. | |
| KAY X. YANG, XAPPHIRE LLC, and CHAO YANG, | **DEFAULT JUDGMENT** |
| Defendants. | |

**Decision by Court**. This action came on for consideration before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiff Securities and Exchange Commission's motion for default judgment, ECF No. 45, be and the same is hereby **GRANTED**, ECF No. 48;

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Kay X. Yang and Xapphire LLC are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Kay X. Yang and Xapphire LLC are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Kay X. Yang and Xapphire LLC are permanently restrained and enjoined from violating Section 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80(b)-6(1) and 80b-6(2), by using any means or instrumentality of interstate commerce, or the mails, to:

(a) employ devices, schemes or artifices to defraud any client or prospective client; and

(b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Default Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant Kay X. Yang is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Kay X. Yang and Xapphire LLC are liable, jointly and severally, for disgorgement of $4,060,212.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $188,787.16, and a civil penalty in the amount of $4,060,212.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3) and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). Relief Defendant Chao Yang ("Relief Defendant") is liable, jointly and severally with Defendants Kay X. Yang and Xapphire LLC, up to the amount of funds he improperly received, for disgorgement of $830,502.00, representing his ill-gotten gains, together with prejudgment interest thereon in the amount of $38,615.75. Defendants Kay X. Yang and Xapphire LLC shall satisfy their disgorgement obligation by paying $4,248,999.16 to the Securities and Exchange Commission within 30 days after entry of this Default Judgment. If Defendants pay this entire amount, Relief Defendant's obligation will be deemed satisfied. If not, Relief Defendant shall satisfy his obligation by paying the amount for which he is liable, up to $869,117.75, to the Securities

and Exchange Commission within 30 days after entry of this Default Judgment;

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Kay X. Yang and Xapphire LLC and the Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at:

http://www.sec.gov/about/offices/ofm.htm.

Defendants Kay X. Yang and Xapphire LLC and the Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kay X. Yang and Xapphire LLC as Defendants and Chao Yang as a Relief Defendant in this action; and specifying that payment is made pursuant to this Default Judgment;

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants;

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Default Judgment;

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal

Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Default Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court;

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court; and

**IT IS FURTHER ORDERED AND ADJUDGED** that, regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Default Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Default Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the operative complaint in this action.

APPROVED:

_____
J.P. Stadtmueller
U.S. District Judge

GINA M. COLLETTI
Clerk of Court

April 26, 2023     *s/ Jodi L. Malek*
Date     By: Deputy Clerk