UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

vs.

KAY X. YANG, and
XAPPHIRE LLC,

            Defendants,

and

CHAO YANG,

            Relief Defendant.

Case No. 2:22-cv-0450

Hon. J.P. Stadtmueller

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO STRIKE LATEST FILINGS**

Plaintiff U.S. Securities and Exchange Commission ("SEC") states as follows:

**Preliminary Statement**

The SEC filed this case on April 13, 2022, alleging that Defendants Kay X. Yang and Xapphire LLC violated the securities laws by raising at least $16.5 million from approximately 70 investors through two fraudulent offerings. (*See* Docket No. 1) The SEC also alleged that Relief Defendant Chao Yang received improper transfers of investor money from the Defendants. (*Id.*) The SEC filed an Amended Complaint on April 27, 2022, which contained the same factual allegations as the initial Complaint. (Docket No. 4)

Prior to the Court's entry of default judgment (Docket No. 49), Kay Yang and Chao Yang filed a number of irrelevant and improper papers. The SEC filed a motion to strike certain of those "notices" (Docket No. 17, 17-1), and the Court ordered that the challenged filings (and other papers submitted by the Yangs) be stricken from the record. (Docket No. 23) The Yangs' filings violated the Court's instruction that the only papers allowed to be filed were an answer to the Amended Complaint, a motion to dismiss, or a motion to set aside the entry of default. (*Id.* at 2.) The Court also found that the Yang's filings contained "a number of representations that are irrelevant to this lawsuit." (*Id.* at 3)

Regrettably, the Yangs continued to make inappropriate filings. The SEC filed a second motion to strike these additional filings and have certain of them declared null and void. (Docket Nos. 36, 37) The Court granted this motion on December 19, 2022. (Docket No. 40) The Court noted that the documents were not authorized, were not relevant, were prejudicial to the SEC, and contained "false and irrelevant statements." (*Id.* at 4-5)

On April 26, 2023, the Court issued an Order granting the SEC's Motion for Default Judgment, and also entered a corresponding Default Judgment. (Docket Nos. 48, 49) On May 19, 2023, the SEC filed a motion seeking to correct an inadvertent omission in the default judgment. (Docket No. 50) Defendants have not filed a response to the pending motion to correct the judgment. Instead, they have, yet again, submitted a variety of false and misleading papers. (Docket Nos. 51, 52, 53) One of these documents is a notice suggesting that Kay Yang and Chao Yang did not "accept" the Court's April 26, 2023 Order and Default Judgment ("Notice of Non-Acceptance"). (Docket No. 53) The other documents are two sets of forms that appear to be used in connection with government contracts, one relating to Kay Yang and one relating to Chao Yang. (Docket Nos. 51, 52) The Yangs also appear to have submitted the false

forms to the GSA, the U.S. Army Corps of Engineers, and the U.S. Attorney for the Middle District of North Carolina. (Docket Nos. 51 at 3; 52 at 3)

Finally, in addition to the materials recently submitted to the Court, on May 30, 2023, Kay Yang sent eight emails to counsel for the SEC. Each email attached an email from Kay Yang responding to a prior message from SEC counsel attaching service copies of filings in this case. The responses included the following language similar to that of Docket Number 54: "Notice and evidence of non-recognized, non-acceptance, non-understandable, non-retained and return to sender." An example of one of the eight emails, purporting to reject receipt of the April 26, 2023 Order and Default Judgment, is attached as Exhibit 1.

## Argument

None of the Yangs' recent filings are responsive to the SEC's motion to correct the default judgment. Like the previously-stricken filings, they are neither based in fact nor legally appropriate. Instead, the Yangs have submitted forms that purport to reflect a non-existent contractual relationship with the U.S. federal government, and a notice claiming that they "never opened" the Court's April 26, 2023 Order and Default Judgment and they were returning the "non-retained, non-accepted" items. (Docket No. 53) These documents have no legal significance or effect—except to mislead an uninformed recipient. The Court should again reject the Yangs' continued attempts to divert attention from the SEC's claims against them, enter an Order striking Docket Nos. 51, 52, and 53 from the record, and order the Clerk to reject any and all future filings by the Yangs which are not permitted by the Federal Rules of Civil Procedure.

A. **Legal Standard for a Motion to Strike**

As noted in the Court's prior Orders (Docket Nos. 23 at 3; 40 at 4), the Court has the authority "to strike an unauthorized filing." *See Cleveland v. Porca Co.*, 38 F.3d 289, 298 (7th Cir. 1994); *Midwest Grinding Co. v. Spitz*, 976 F.3d 1016, 1020 (7th Cir. 1992). "To succeed on

3

a motion to strike," the SEC only needs to show "that it is prejudiced by the filing." *Orion Energy Sys., Inc. v. Energy Bank Inc.*, No. 16-C-1250, 2017 WL 11673417, at *2 (E.D. Wis. Aug. 28, 2019) (*citing Talbot v. Robert Matthews Distrib. Co.*, 961 F.3d 654, 664 (7th Cir. 1992)).

### B. The Court Should Strike the Yang's GSA-FAR Filings

On May 30, 2023, more than a month after the Court entered the Default Judgment, Kay Yang and Chao Yang each submitted a "Declaration of Good Faith" attaching a number of forms apparently used by the U.S. General Services Administration ("GSA") in connection with the Federal Acquisition Regulation. (Docket Nos. 51, 52) The Yangs' papers refer to the attachments as "GSA-FAR Forms." (*See, e.g.,* Docket No. 52 at 2) One such document appears to claim that there is a $40 million contract dated May 25, 2023 between Kay Yang and the "United States Federal Building and Courthouse," citing the case number of this matter as the "contract number." (Docket No. 52 at 19) Chao Yang filed a similar document claiming the existence of a $10 million contract. (Docket No. 51 at 27) These filings were improper for several reasons.

First, the GSA-Far Forms attached to Yangs' "Declaration of Good Faith" are irrelevant to the current litigation, which concerns violations of the federal securities laws. The SEC is not aware of any contractual relationship between the Yangs and the GSA, or any other U.S. government entity. But even if one did exist, documents such as a release of lien on real property, a release of personal property from escrow, and an affidavit of individual surety would have no bearing on the judgment in this case.

Second, to the extent that the Yangs are claiming that the issuance of a Default Judgment *in this case* somehow created a contract between the Yangs and *any* U.S. government entity,

4

such allegation is specious. This lawsuit, and the Default Judgment arising therefrom, are not real property. Neither the Court nor the SEC holds any of the Yangs' personal property in escrow. The Yangs have not acted as a surety in this matter. To the contrary, Kay Yang is a defendant, and Chao Yang is a relief defendant. The Court has entered a Default Judgment holding Kay Yang liable for millions of dollars in disgorgement, prejudgment interest and a civil penalty, and holding Chao Yang liable for hundreds of thousands of dollars of disgorgement with prejudgment interest—up to the amount of his ill-gotten gains. (Docket No. 49 at 3) The Yangs cannot wish these obligations away by filing false and irrelevant government forms.

Third, Rule 11 requires that all legal and factual statements contained documents filed in court be warranted by existing law and supported by evidence, and prohibits documents from being filed for any improper purpose, including to harass, cause delay or increase the costs of litigation. *See* Fed. R. Civ. P. 11(b). Courts may enforce Rule 11 by entering appropriate sanctions against litigants who file documents in violation of Rule 11.

### C. The Court Should Strike the Notice of Non-Acceptance

The Federal Rules of Civil Procedure, and this Court's Local Rules, do not contemplate a document called a "Notice of Non-Acceptance." A party to a lawsuit who is properly before the Court and found liable to a plaintiff cannot escape liability simply by returning copies of the Court's Orders and the judgment. Kay Yang has provided no legal authority suggesting that this gambit has any merit. Similarly, Kay Yang's emails to SEC counsel purporting to return service copies of various prior filings has no legal effect on the validity of the Court's judgment.

### D. All of the Yangs' Recent Filings Are Unauthorized

The Court should also strike these recent filings from the record because the Yangs filed them without seeking or obtaining leave of Court. The Court's July 22, 2022 Order noted that

5

the Yangs did not obtain leave of Court to make their previous filings, and directed them not to file anything other than a proper motion to set aside their default. (Docket No. 23) The Court's December 19, 2022 Order stated that the Court would not "consider any document filed on the docket other than an appropriate response to the SEC's Rule 55(b)(2) application for default judgment, or a motion for an extension of time to file that response." (Docket No. 40 at 12) None of these filings constitutes a motion for leave to vacate a default or a response to the SEC's Rule 55(b)(2) application for default judgment. Nor are they valid response to the Court's judgment order or the SEC's motion to correct the Default Judgment.

Civil Local Rule 7(i) provides:

> Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

None of the Yangs' recent filings, Docket Nos. 51, 52 and 53, were accompanied by a motion for leave to file. Accordingly, all of the Yangs' recent filings should be stricken from the record in this matter.

### E. The Yangs' Recent Filings Are Prejudicial

If the Yangs' recent filings (Docket Nos. 51, 52, 53) are not stricken, the SEC will (again) be prejudiced. The GSA-FAR Forms contain false statements. For example, there is no $40 million contract between Kay Yang and the Court, or a $10 million contact between Chao Yang and the Court, and the Yangs have not provided any evidence of such contracts between either of them and any other U.S. government entity. The Yangs have not posted any bonds in connection with this matter, or entered into any reinsurance agreements. There are no liens on real property, or personal property in escrow, and even if there were such liens or escrows, the Yangs have not satisfied any obligations such that any liens or escrows should be released.

6

Moreover, the GSA, the U.S. Army Corps of Engineers, and the U.S. Attorney for the Middle District of North Carolina have no connection to this case whatsoever.

Similarly, the Notice of Non-Acceptance creates prejudice by asserting that a party can merely claim that court orders and judgments are "non-understandable" and "not accepted" and therefore "must lawfully be returned" to the Court. Sending papers back to the Court has no legal effect. The Court's April 26, 2023 Order and Default Judgment remain in effect. However, the fact that Kay and Chao took the trouble to prepare these spurious form documents suggests that they may attempt to obtain a benefit from the filings.

The filings also convey false or misleading impressions about the status of this case, and the Yangs may attempt to use the file-stamped GSA-FAR Forms as "proof" that the SEC's claims against them have been satisfied and released. Or the Yangs may use them to convince third parties that the Court is in possession of money belonging to Kay Yang's investors. If these recent filings are not stricken from the record, the public—and especially the individuals who invested money through Kay Yang—could be misled into thinking that the Yangs have satisfied the Default Judgment and the Court holds investor funds on their behalf. The public could also be confused by the Yangs' irrational references to other government entities. The filings are wholly unrelated to the only pending matter in this case—the SEC's motion to correct the Default Judgment. Accordingly, they should be stricken from the record.

Finally, the SEC notes that this is the third time the Yangs have submitted papers so unrelated to the actual subject matter of the litigation that the SEC has expended time and resources seeking to have those papers stricken from the record. The SEC has been significantly prejudiced by the Yangs' improper filings throughout the litigation. It is time to put a stop to their inappropriate, and frankly bizarre, parade of nonsensical filings. The Court should bar the

7

Case 2:22-cv-00450-JPS    Filed 06/13/23    Page 7 of 8    Document 58

Yangs from filing, and the Clerk's Office from accepting, any document not authorized by the Federal Rules of Civil Procedure. *See Maus v. Baenen*, No. 13-CV-1009-JPS, 2013 WL 5448045 at *2 (E.D. Wis. Sept. 30, 2013) ("The Court has the responsibility to ensure that '[f]rivolous, vexatious, and repeated filings by *pro se* litigants [do not] interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.'") (quoting *U.S. ex rel. Verdone v. Circuit Court for Taylor City*, 73 F.3d 669, 671 (7th Cir. 1995)); *see also Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, No. 05-cv-180-RLY-WGH, 2011 WL 13237774, at *2-3 (S.D. Ind. Mar. 14, 2011) (imposing a restriction on *pro se* party's "stream" of post-judgment filings).

## Conclusion

For all of the foregoing reasons, the SEC respectfully requests that the Court strike from the record Docket Nos. 51, 52, and 53.

Dated: June 13, 2023          By: */s/BeLinda I. Mathie*
                              Robert M. Moye (moyer@sec.gov)
                              BeLinda I. Mathie (mathieb@sec.gov)
                              U.S. Securities and Exchange Commission
                              Chicago Regional Office
                              175 West Jackson Boulevard, Suite 1450
                              Chicago, Illinois 60604

                              *Attorneys for Plaintiff Securities and Exchange Commission*