# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

v.

KAY X. YANG, XAPPHIRE LLC, and
CHAO YANG,

                              Defendants.

Case No. 22-CV-450-JPS

**ORDER**

On April 26, 2023, the Court granted Plaintiff Securities and Exchange Commission's (the "SEC") motion for default judgment and entered default judgment against Defendants Kay X. Yang, Xapphire LLC, and Chao Yang (together, "Defendants") accordingly. ECF Nos. 48, 49. Now before the Court are (1) the SEC's May 19, 2023 motion to amend the default judgment, ECF No. 50, and (2) the SEC's June 13, 2023 motion to strike prejudicial filings, ECF No. 57, which includes a request for a filing bar to be imposed on Defendants.

Defendants have not filed an *appropriate* response to the motion to amend the default judgment, and their time to do so has lapsed. Civ. L.R. 7(b). Specifically, on May 30, 2023, Defendants Kay X. Yang and Chao Yang each filed a compendium of documents purporting to, among other things, establish contractual relationships with various federal governmental entities, including a $40 million contract with the "United States Federal Building and Courthouse," and to release liens and escrows on Defendants' property. ECF Nos. 51, 52. But these are not appropriate responses to the

motion and, moreover, are frivolous. Indeed, as it has done twice previously with respect to similar filings, the SEC moves to strike these filings on the basis that they are untruthful and prejudicial. ECF No. 58.

As to prejudice, the SEC is particularly concerned that the filings subject to its motion may give a member of the public, or other federal entities, the wrong impression about Defendants and their relationship to this litigation and the default judgment that has been entered against them. *Id.* at 7 (explaining fear that Defendants may use the recent filings to insinuate that the default judgment has been satisfied and noting that the documents appear to have been sent to the U.S. Army Corps of Engineers, the U.S. General Services Administration, and the Middle District of North Carolina). The Court agrees, and as the Court has ordered before, these documents will be stricken as untruthful, frivolous, immaterial, and prejudicial. *See* ECF No. 23 at 2–3; ECF No. 40 at 4–5 (collecting cases).

Defendants also apparently opted to return—after opening—the Court's prior order and default judgment, declaring that they are "not understandable" and "must lawfully be returned." ECF No. 54 at 46; ECF No. 55 at 46; *see also* ECF No. 53 (independent notice of non-acceptance copying language on returned mailings). These filings, too, are not appropriate responses to the motion to amend the default judgment. The SEC moves to strike one of these filings; namely, the independent notice of non-acceptance, ECF No. 53, from the record. ECF No. 58 at 7 (arguing that the fact that Defendants "took the trouble to prepare these spurious form documents suggests that they may attempt to obtain a benefit from the filings"). Because this filing too is frivolous and misleading—deeming a court order as something to be "returned" does not render invalid that order—it will also be stricken.

Case 2:22-cv-00450-JPS   Filed 06/21/23   Page 2 of 16   Document 61

Finally, on June 16, 2023, Defendants Kay X. Yang and Chao Yang each filed a series of "Affidavits of Truth," explaining, among others, that they never agreed to "contract" with the Court, that the SEC is in default, and that they are non-corporate entities. ECF Nos. 59, 60. The Court has already stricken similar "Affidavits of Truth" in the past as prejudicial for containing "a number of representations that are irrelevant to this lawsuit," and will do so again here. ECF No. 23 at 2–3 ("While the SEC's motion predated Kay's and Chao's respective Affidavits of Truth and Affidavits of Live-Life-Claims, as well as the "Final Notice," the Court determines that the first two notices, the affidavits, and the "Final Notice" are prejudicial to the SEC and must be struck."). More importantly, as with the other filings described above, these are not appropriate responses to the SEC's motion to amend the default judgment.

The SEC's motion to amend the default judgment will also be granted. ECF No. 50.[1] The SEC represents that the proposed final judgment and injunctive order that it submitted with its motion for default judgment did not include relief or restrictions related to violations of Sections 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e(a) and (c). *Id.* Despite the omission in the proposed final judgment and injunctive order submitted in conjunction with its default judgment motion, the SEC argued, and the Court found, that Defendants Kay X. Yang and Xapphire LLC were liable for violations of these provisions. ECF No. 48 at 17–18.

Federal Rule of Civil Procedure 60(a) permits the Court to correct a clerical error in a judgment due to an omission by a party in a proposed

---

[1] Indeed, Defendants' failure to file an appropriate response to the motion is an independent basis to grant it. Civ. L.R. 7(d).

judgment. *See United States v. Cotton*, 235 F. Supp. 2d 989, 990 (E.D. Wis. 2002) (request to correct clerical error in proposed judgment, as adopted by the court, is one that "seek[s] changes that implement the result intended by the court at the time the order was entered"). Because the Court held that Defendants Kay X. Yang and Xapphire LLC are liable for violations of Sections 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e(a) and (c), the omission in the proposed judgment (and the default judgment that was entered) is clerical, and it will be corrected.

The SEC raises one final matter for the Court's adjudication. In its motion to strike, the SEC renews its request for a filing bar preventing Defendants "from filing, and the Clerk's Office from accepting, any document not authorized by the Federal Rules of Civil Procedure." ECF No. 58 at 8. The SEC previously made this request in October 2022, ECF No. 37, which the Court declined to grant, ECF No. 40. Now, eight months and hundreds of pages of additional frivolous filings later, the Court will grant the request.

Each time Defendants file a set of frivolous documents, the SEC expends precious time and resources to prepare a motion to strike those filings. ECF No. 58 at 8. The SEC's instant motion is the third of those very motions, and at this juncture, seventeen filings have been stricken. Those filings include the two mentioned in this Order as well as the following:

- Notices requesting that the Court "release from escrow the property and liens listed in this case." ECF No. 23 at 2 (quoting ECF Nos. 14, 15);

- Multiple documents titled "Affidavit of Truth" and "Affidavit of Live-Life-Claim," alleging that Defendants are not subject to the United States' laws and, therefore, need not follow them. *Id.* (citing ECF Nos. 18, 19, 20, 21);

- A "Final Notice" stating that Defendant Kay X. Yang made a special deposit to release personal property from escrow, thus "settl[ing] in full" the case. *Id.* (quoting ECF No. 22);

- A letter requesting that the Court sign an IRS Form 56 "in order to continue to do business" with Defendants and requesting payment from the Court. ECF No. 40 at 3 (citing ECF No. 25);

- Copies of UCC Financing Statements naming as "debtors-in-possession" the SEC, the attorneys representing the SEC in this action, the Commodity Futures Trading Commission (the "CFTC"), the attorneys representing the CFTC in *Commodity Futures Trading Commission v. Yang*, 22-CV-449-LA (E.D. Wis. Apr. 13, 2022), the Department of the Treasury, the FBI, federal agent Daniel Hargreaves, the United States District Court for the Eastern District of Wisconsin, and this Judge as well as Magistrate Judge Nancy Joseph (both listed at the address of the federal courthouse). *Id.* (citing ECF Nos. 28, 29);

- Copies of documents titled "Proof of Claim for Internal Revenue Taxes" stating that the Seventh Circuit and the SEC are indebted to the United States in the amount of $16.5 million. *Id.* (citing ECF Nos. 31, 32); and

- A letter from Defendant Kay X. Yang to the SEC informing the SEC that its "fraudulent[]" and "false" claim is "adjourned," and requesting a "full accounting relating in any way to . . . [the SEC's] intrusion" upon Defendant Kay X. Yang. *Id.* (citing ECF No. 33).

"[T]he right of access to the federal courts is not absolute[.]" *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citation omitted). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). That aim cannot be achieved if, as Defendants would have it, the Court is forced to

dedicate a disproportionate amount of its resources to sifting through hundreds of pages of frivolous, untruthful, immaterial, and prejudicial documents. The Court is accordingly entitled to implement filing bars that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (citations omitted).

Defendants have repeatedly ignored Court orders, disregarded any semblance of authority, and buried the Court and the SEC in pages of what is, frankly, nonsense. The Court has repeatedly ordered Defendants to cease these filings and to file only appropriate responsive documents, or documents otherwise permitted by the Federal Rules. *See* ECF No. 23 at 3 ("In the meantime, Defendants may not file anything on the docket—whether it be an affidavit, notice, or the like—except for an appropriate motion to set aside the entry of default."); ECF No. 40 at 12 ("[The Court] will not consider any document filed on the docket other than an appropriate response to the SEC's Rule 55(b)(2) application for default judgment, or a motion for an extension of time to file that response."). Clearly, these admonitions fell on deaf ears. Enough is enough. Defendants may no longer use the judicial system at their whim, all the while purporting to ignore its commands. "The Court has the responsibility to ensure that '[f]rivolous, vexatious, and repeated filings by *pro se* litigants [do not] interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.'" *Maus v. Baenen*, No. 13-CV-1009-JPS, 2013 WL 5448045, at *2 (E.D. Wis. Sept. 30, 2013) (quoting *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995)).

Case 2:22-cv-00450-JPS   Filed 06/21/23   Page 6 of 16   Document 61

In light of the foregoing, the Court will bar Defendants from filing any document in any case in this District that is not authorized by either the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or the Eastern District of Wisconsin Local Rules for a period of two (2) years from the entry of this Order. To avoid the bar, any filing submitted by Defendants Kay X. Yang, Chao Yang, or Xapphire LLC must state **at the top of the document** both (1) the title of the document and (2) under which rule it is being filed. Any documents that do not comply with these directives, or which have a title or citation to a rule that is demonstrably frivolous or inaccurate, will be returned unfiled by the Clerk of Court. *See Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, No. 4:05-CV-180-RLY-WGH, 2011 WL 13237774, at *3 (S.D. Ind. Mar. 14, 2011) (imposing filing bar on any further filings in case where litigant's filings are "consistently redundant and generally irrelevant to the case"); *Smith v. Best & Flanagan, LLP*, No. 16-CV-2436 (WMW/TNL), 2017 WL 3278934, at *3 (D. Minn. Apr. 26, 2017) (imposing filing bar after litigant was repeatedly warned to only file documents "in response to a motion consistent with the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota").

The Court finds that such a stringent sanction is necessary considering Defendants' wholesale disregard of authority.[2] This filing bar does not close the courthouse door absolutely as it is not of indefinite duration, and it does not bar bona fide filings made in good faith. *See Chapman v. Exec. Comm.*, 342 F. App'x at 502 ("[C]ourts have rejected as

---

[2]Indeed, Defendants have even mailed documents to the Court using what appears to be homemade postage. *See, e.g.*, ECF No. 28 at 17.

overbroad filing bars in perpetuity."); *Maus*, 2013 WL 5448045, at *2 (injunctions limiting a litigant's filings must be "tailored to the abuse of process at issue").

Accordingly,

**IT IS ORDERED** that Plaintiff Securities and Exchange Commission's motion to strike and request for a filing bar to be imposed, ECF No. 57, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the documents docketed at ECF Nos. 51, 52, 53, 59, and 60, be and the same are hereby **STRICKEN** from the record;

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang, Chao Yang, and Xapphire LLC be and the same are hereby **BARRED** from filing any document in any case in this District that is not authorized by either the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or the Eastern District of Wisconsin Local Rules for a period of two (2) years from the entry of this Order; to avoid the bar, any filing submitted by Defendants Kay X. Yang, Chao Yang, and Xapphire LLC must state **at the top of the document** both (1) the title of the document and (2) under which rule it is being filed; any documents that do not comply with these directives, or which have a title or citation to a rule that is demonstrably frivolous or inaccurate, will be returned unfiled by the Clerk of Court;

**IT IS FURTHER ORDERED** that Plaintiff Securities and Exchange Commission's motion to amend the default judgment, ECF No. 50, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Xapphire LLC are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b),

and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order and the Amended Default Judgment that follows by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Xapphire LLC are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order and the Amended Default Judgment that follows by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Xapphire LLC are permanently restrained and enjoined from violating Section 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80(b)-6(1) and 80b-6(2), by using any means or instrumentality of interstate commerce, or the mails, to:

(a)    employ devices, schemes or artifices to defraud any client or prospective client; and

(b)    engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order and the Amended Default Judgment that follows by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Xapphire LLC are permanently restrained and enjoined from violating

Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order and the Amended Default Judgment that follows by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IT IS FURTHER ORDERED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant Kay X. Yang is prohibited from acting as an

officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Xapphire LLC are liable, jointly and severally, for disgorgement of $4,060,212.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $188,787.16, and a civil penalty in the amount of $4,060,212.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). Relief Defendant Chao Yang ("Relief Defendant") is liable, jointly and severally with Defendants Kay X. Yang and Xapphire LLC, up to the amount of funds he improperly received, for disgorgement of $830,502.00, representing his ill-gotten gains, together with prejudgment interest thereon in the amount of $38,615.75. Defendants Kay X. Yang and Xapphire LLC shall satisfy their disgorgement obligation by paying $4,248,999.16 to the Securities and Exchange Commission within 30 days after entry of this Order and the Amended Default Judgment that follows. If Defendants pay this entire amount, Relief Defendant's obligation will be deemed satisfied. If not, Relief Defendant shall satisfy his obligation by paying the amount for which he is liable, up to $869,117.75, to the Securities and Exchange Commission within 30 days after entry of this Order and the Amended Default Judgment that follows;

**IT IS FURTHER ORDERED** that Defendants Kay X. Yang and Xapphire LLC and the Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH

transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at:

http://www.sec.gov/about/offices/ofm.htm.

Defendants Kay X. Yang and Xapphire LLC and the Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kay X. Yang and Xapphire LLC as Defendants and Chao Yang as a Relief Defendant in this action; and specifying that payment is made pursuant to this Order and the Amended Default Judgment that follows;

**IT IS FURTHER ORDERED** that Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants;

**IT IS FURTHER ORDERED** that the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days

following entry of this Order and the Amended Default Judgment that follows;

**IT IS FURTHER ORDERED** that the Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Order and the Amended Default Judgment that follows pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court;

**IT IS FURTHER ORDERED** that the Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court; and

**IT IS FURTHER ORDERED** that, regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Order and the Amended Default Judgment that follows shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they

are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Order and the Amended Default Judgment that follows. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the operative complaint in this action.

The Clerk of Court is directed to enter amended default judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2023.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge

This Order and the amended judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its amended judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from the amended judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of the amended judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the amended judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.